HANNAH M. WEBB, Respondent, *v.* JONATHAN ODELL et al., Appellants.

A motion to dismiss a complaint upon the ground that plaintiff has no cause of action should specify the defect, so that plaintiff may have an opportunity to supply it if in the evidence, or may move to amend the complaint. Where the defect is not specified and the motion is denied, an exception to the decision is not available, if any view of the evidence would sustain a cause of action, and not then unless it appears that the defect could not be supplied.

Where one sells promissory notes at less than their face, representing them to be business paper when in fact they are accommodation notes, and thus usurious and void in the hands of the vendee, the latter may rescind the contract and recover back the purchase-money although there be no fraud or warranty. It is no answer that the parties to the paper might waive the defence and pay them.

(Argued May 29, 1872; decided June 11, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff entered upon a verdict and affirming an order denying a motion for a new trial.

The action was brought to recover back the amount paid by plaintiff upon the purchase by her of defendants of four promissory notes. Plaintiff purchased of defendants in December, 1866, and in January, 1867, one note of Amos Willets of $1,452.23, one of Shepard & Cochran for $1,569.38, and two of Henry G. Evans, one of $1,325, the other of $7,924. All of these notes were made payable to and were indorsed by Wilson & Company. The notes were accommodation paper made and delivered by the makers to Wilson & Company for their accommodation. Plaintiff purchased at eighteen per cent discount, defendants representing them to be good business paper. Upon ascertaining the character of the paper the notes were tendered back and a return of the money paid demanded, which was refused. Upon trial defendants moved for a dismissal of the complaint upon the

ground that " the plaintiff has not a cause of action," which motion was denied and defendants excepted.

*R. W. Van Pelt* for the appellants. The notes were voidable, not void, and plaintiff cannot avail himself of the defence of usury. (*Draper* v. *Trescott*, 29 Barb., 401 ; *Dix* v. *Van Wyck*, 2 Hill., 522 ; *Post* v. *Bank of Utica*, 7 id., 391 ; *Shufelt* v. *Shufelt*, 9 Paige, 591 ; *Ferris* v. *Crawford*, 2 Den., 598 ; *Mechanics' Bank* v. *Edwards*, 1 Barb., 271 ; *Morris* v. *Floyd*, 5 id., 130 ; *Murray* v. *Judson*, 9 N. Y., 73 ; *Mason* v. *Lord*, 40 id., p. 476 and cases cited ; *Berry* v. *Thompson*, 17 Johns., 436 ; *Lansing* v. *Eddy*, 1 Johns. Chancery, 49.)

*James C. Carter* for the respondent. The exception to the refusal to dismiss the complaint raises no question in this court. (*Bauff* v. *Mali*, 36 N. Y., 200, 204 ; *Carman* v. *Pultz*, 21 id., 547 ; *Grant* v. *Morse*, 22 id., 323 ; *Trustees of St. Mary's Church* v. *Cagger*, 6 Barb., 576 ; *Binsse* v. *Wood*, 37 N. Y., 526 ; *Castle* v. *Duryea*, 32 Barb., 480 ; *Kane* v. *Towsley*, 51 id., 386.) Where the thing delivered on a contract of sale differs in *kind* from what it was represented, the purchaser may return it and recover the price, and it is not necessary to allege or prove fraud. (Benjamin on Sales, 442, *et seq.* ; Kerr on Fraud and Mistake, Am. ed., 62, *et seq.*; *Nichol* v. *Godts*, 10 Exc., 191 ; *Jones* v. *Ryde*, 5 Taunt., 488 ; *Young* v. *Cole*, 3 Bing. N. C., 724 ; *Gurney* v. *Womersly*, 4 E. & B., 133 ; *Gompertz* v. *Bartlett*, 2 id., 849.) The transaction being between the parties without notice of any other principal than defendants, the action was properly brought against them. (*Gurney* v. *Womersly*, 4 E. & B., 133.)

CHURCH, Ch. J. At the close of the plaintiff's case, the defendants' counsel moved to dismiss the complaint upon the ground " that the plaintiff has not a cause of action." The motion was denied and the defendants excepted. The motion was too general. It should have specified the particular

defect in the complaint or in the evidence, so that the court could have passed upon it, and the other party have had the opportunity to supply the defect in the evidence, or move to amend the complaint. Such an exception is not in general available in this court. (*Binsse* v. *Wood*, 37 N. Y., 526.) It could not be available if any view of the evidence would sustain a cause of action, and not then unless it appeared that the defect could not be supplied. But the evidence of the plaintiff tended strongly to establish a perfect cause of action for a rescission of the contract for the purchase of the notes in question, and a recovery of the consideration paid. It is a general rule that upon the sale and delivery of personal property without fraud or warranty, no action will lie against the vendor to recover damages for any defects which may exist, and this rule applies when the article differs from the representations of the seller, as to quality, unless such representations were fraudulent. But when the thing sold differs in substance from what the purchaser was led by the vendor to believe he was buying, and the difference in subject-matter is so substantial and essential in character as to amount to a failure of consideration, there is no contract, and the purchaser may recover back the money paid. (Kerr on Fraud and Mistake, 58 *et seq.*) Such was the cause of action set up in the complaint, and which the plaintiff's evidence tended to establish. The notes were represented to be business paper, and purchased as such by the plaintiff, at eighteen per cent discount. They were, in fact, accommodation notes, and were usurious and void in the plaintiff's hands. They appeared like business paper, but were radically different; so different as legally to change their nature as well as their marketable value. The maxim *caveat emptor* has no application in such a case.

In *Gompertz* v. *Bartlett* (75 Eng. Com. Law, 849), an unstamped bill of exchange indorsed in blank, purporting to be a foreign bill, was sold without recourse. It proved to have been a domestic bill, and was unavailable without a stamp, although both vendor and vendee were ignorant of

the defect, and it was held that the purchaser was entitled to recover back the price from the vendor, on the ground that it did not answer the description by which it was sold. A similar decision was made upon the sale of forged paper as genuine. (*Gurney* v. *Womersley*, 82 Eng. Com. Law, 133; see also Benjamin on Sales, § 442 *et seq.*, and cases there cited.) I am unable to see why this case does not fall within the principle of these authorities. It is claimed that, although the notes are declared void by the statute, they are only voidable at the election of the parties to them, and that the plaintiff may never be damaged in consequence of their usurious character. The answer to this is, that the defect essentially changes the nature of the article from that purchased. The defendants undertook to sell business paper which would be valid in the hands of the plaintiff, and transferred void paper. The difference is vital, and we cannot suppose that any person would advance money upon such paper. It is no answer to say that the parties to the paper might waive the defence and pay it. So the parties might have paid the unstamped bill or forged note, but there was no contract for such paper. Here the plaintiff purchased securities enforcible in the courts, and the seller delivered paper not enforcible, and possessing no legal character or value, and there was no valid consideration for the money paid. It is not material whether the defendants actually owned the notes or not. They admit the ownership of one of them, and there is evidence tending to prove that they owned all of them, but they sold them as their own, and as business paper. There is no valid exception in the case, and the judgment must be affirmed with costs.

All concur.

Judgment affirmed.