In the Matter of the Claim of WILLIAM H. FLANDROW, an alleged creditor of TUNIS VAN BRUNT.

An attorney for the successful party in an action by whom a judgment was procured is not an "individual holding such property" within the meaning of the provision of the Code of Procedure (§ 235), authorizing the execution of an attachment by service of a copy.

Accordingly, *held*, where a judgment in favor of an attachment debtor was attempted to be attached by service of a copy of the warrant upon one of the attorneys for said debtor, in the action wherein said judgment was rendered, that the attachment was not properly executed; and that a purchaser at sheriff's sale under execution and order of the court in the attachment suit acquired no title.

*It seems* that the only way to subject a judgment to an attachment is to serve the warrant upon the judgment debtor.

(Submitted January 20, 1881 ; decided February 1, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made February 6, 1880, affirming an order of the surrogate of the county of New York, denying the application of the petitioner above named, for the payment of his alleged claim against the estate of said Tunis Van Brunt, deceased. (Reported below, 20 Hun, 36.)

The nature of the claim and the material facts appear in the opinion.

SICKELS — VOL XXXIX. 1

*Abbott Brothers* for appellant. The judgment comes within the meaning of the phrase "other property incapable of man-ual delivery," in section 235 of the old Code. (Old Code, §§ 231, 462, 463, 464; *O'Brien* v. *Mechanics and Traders' Ins. Co.*, 56 N. Y. 56; *Clark* v. *Goodrich*, 41 id. 210.) The attorney of the judgment creditor comes within the meaning of the phrase "individual holding," in section 235 of the old Code. (3 R. S. 362, §§ 25, 20, 22; or, see Banks & Bros. [6th ed.] R. S. 620, §§ 22, 24, 25; *Stewart* v. *Beddleaum*, 2 N. Y. 103, 106.) Such attorney is authorized by his retainer to institute proceedings supplementary to execution. (*Ward* v. *Roy*, 69 N. Y. 96.) After obtaining judgment for his client, he continues to be his agent in the collection of the money. (*McDonald* v. *Todd*, 1 Grant's [Penn.] Cas. 17.)

*John E. Burrill* for respondent. The attorney's authority ceased on the entry of judgment, and he did not hold it in any sense, and notice to him of the attachment was not sufficient. (*Walradt* v. *Maynard*, 3 Barb. 584; *Mandeville* v. *Reynolds*, 68 N. Y. 578.) If the judgment debt was not levied on under the attachment, the attempted sale under the execution was a nullity, and the order of the court authorizing such sale was without jurisdiction. (Old Code of 1871, §§ 237, 286, 291.) The claim of Flandrow being disputed, the surrogate had no jurisdiction to hear and determine its validity. (*Tucker* v. *Tucker*, 4 Keyes, 136; *Cooper* v. *Felter*, 6 Lans. 485.) The court had no power to order payment, or partial payment, of petitioner's claim by the special administrator, because the debts owing by the deceased exceeded, in the aggregate, the amount of the assets of his estate. (Laws of 1870, chap. 359.)

Danforth, J. Prior to the 1st day of March, 1867, the Marine Bank of Chicago, by Jernegan, Smith & Baldwin, its attorneys, commenced an action, in the Supreme Court of this State, against Tunis Van Brunt, upon certain promises in writ-ing made by him, and on that day recovered judgment for the sum of $6,858.12, and the same was duly docketed in the office

of the clerk of the city and county of New York. Van Brunt died,
and pending a contest relative to the proof of his will, special
letters of administration were issued to Mr. Schell, the respond-
ent herein.   The Marine Bank was a foreign corporation, and
on the 20th day of January, 1869, one Hammond commenced
an action against it as such in the Supreme Court of this State
for the recovery of money.   The summons and complaint
therein were served by publication, and a warrant of attach-
ment issued against its property to the sheriff of New York
city and county.   A return was made by him showing the exe-
cution of the attachment upon the judgment above described, "by
leaving a certified copy of the said warrant of attachment with
J. L. Jernegan, the individual holding such judgment as plaint-
iff's attorney, with a notice showing the property levied upon."
Judgment by default was subsequently entered, execution
issued, and an order obtained directing the sale of the judgment
recovered by the Marine Bank against Van Brunt.   Upon the
sale made in pursuance of this order, Hammond became the
purchaser of the judgment, and through several mesne assign-
ments the title passed, as it is claimed, to the above-named Flan-
drow.   The special administrator refused to pay it, and there-
upon Flandrow presented a petition to the surrogate of the city
and county of New York, whereby he asked for an order or
decree of payment.   It was opposed by Mr. Schell and relief
denied by the surrogate, upon the ground the attachment
was not properly served, and, therefore, no title to the judg-
ment was acquired by the petitioner.   The order of the surro-
gate was affirmed by the General Term of the Supreme Court,
and although upon this appeal the respondent relies upon
several grounds for its support, it is only necessary to consider
the one above referred to, viz.: that no legal service of the at-
tachment was made.

It was provided by section 235 of the Code of Procedure, then
in force, that "the execution of the attachment upon * * *
any debts, or other property incapable of manual delivery to the
sheriff, shall be made by leaving a certified copy of the warrant
of attachment * * * * with the debtor, or individual

holding such property　*　*　*　*　." It, of course, cannot be doubted that a judgment is, within the meaning of the Code, property subject to attachment, and of the kind incapable of manual delivery. It is an award of the court that the plaintiff recover a sum of money ; and thereby a legal obligation arises on the part of the defendant to pay it.· But although it is said to be a contract or debt, or obligation of record, it cannot be said to be held or to be in the possession of any one.· The clerk, as an officer of the court, keeps the record, but does not "hold" the judgment. Nor does the attorney by whom it was procured. His powers are only such as are prescribed by law. They are limited to a representation of the plaintiff in the action, the management of the controversy therein ; to the collection of the judgment when recovered, by such means as the law provides, and its discharge or satisfaction, if paid within two years from its recovery. He can neither assign nor sell nor deliver it. He uses the process of the court for the enforcement of the judgment, and if found in his hands, its proceeds might be seized by attachment. But the judgment is intangible. As the attorney has not possession of it, neither has he, in any general sense, "authority over" it. His power is official, its exercise limited to those acts which by means of legal process lead to its enforcement, or to the receipt of payment within a time limited by statute. His retainer is evidence that he may exercise the powers so given, but they cannot be extended or enlarged without his client's consent.· And what he cannot himself do cannot be done through him by his client's creditor.

From these considerations and from the very nature of the obligation it follows, that the only way to subject a judgment to attachment for the payment of a debt of the plaintiff therein is to serve the warrant upon the debtor, the person against whom the judgment was recovered ; and as that was not done, the petitioner acquired no title to the judgment, and the order denying his petition was properly made. It should be affirmed with costs.

All concur.

Order affirmed.