In the Matter of the Claim of WILLIAM H. FLANDROW, Creditor, etc.

Pending a contest as to the validity of a will a special administrator was appointed. A judgment had been recovered against the decedent prior to his death. An attachment against the judgment creditor was sought to be executed upon the judgment by service of copy upon the executrix named in the will. The special administrator was then acting, and the contest was then and is still pending. *Held*, that the executrix had no power to represent the estate, and so was not the "individual holding such property" within the meaning of the provision of the Code of Procedure (§ 235*), authorizing the execution of an attachment by service of a copy; that, therefore, the judgment was not reached by the attachment; and that an order of the surrogate denying an application of the attachment creditor for the payment of the same to him was proper.

Also *held*, the fact that the attorney for the special administrator, upon being inquired of, gave information that the person named in the will was executrix, but concealed the appointment of the special administrator, did not preclude the latter from raising the objection.

(Argued March 28, 1883; decided April 17, 1883.)

APPEAL from an order of the General Term of the Supreme Court, in the first judicial department, made November 24, 1882, which affirmed an order of the surrogate of the county of New York, denying an application of William H. Flandrow, claiming to be a creditor of Tunis Van Brunt, deceased, requiring the payment of his claim by Edward Schell, special administrator, out of the assets of the estate. (Reported below, 28 Hun, 279.)

In March, 1867, during the life-time of said Van Brunt, the Marine Bank of Chicago obtained a judgment against him for $6,858.12. Van Brunt died in 1867, leaving an instrument purporting to be his will, which appointed his widow his sole administratrix. The validity of the will when presented for probate was contested, and the proceedings are still pending undetermined. In consequence of such contest, in December, 1868, said Schell was appointed special administrator, and still acts as such. In an action brought by one Hammond against

---

*See Code of Civil Procedure, § 649.

said Marine Bank an attachment was issued, and the petitioner claims title to the said judgment under said attachment and as assignee of the judgment rendered in the attachment suit. This application was based mainly upon an affidavit, stating, in substance, that on or about April 6, 1869, the person making it delivered a certified copy of the attachment with a notice showing the property levied upon, *i. e.*, the judgment, to Mary J. Van Brunt as executrix of said will.

Further facts are stated in the opinion.

*Joseph H. Choate* for appellant. The surrogate's power may be exercised in a case like the present in the same manner as a court of record and of general jurisdiction. (Code, § 2481, subd. 6.) The claim, being a judgment against the deceased, need not be sued over, but the surrogate has power to decree its payment. (*McNulty* v. *Hurd*, 72 N. Y. 518.) The fact that judgment has been entered does not deprive the surrogate of the power to grant a new trial or rehearing. (*Tracy* v. *Altmeyer*, 46 N. Y. 598, 604; Code, § 2481, subd. 6; *Courtney* v. *Baker*, 60 N. Y. 7.) The fact of appeal does not prevent surrogate from granting relief. (3 Code R. 69.) The order and judgment appealed from are appealable to this court. (*Tilton* v. *Beecher*, 59 N. Y. 176; *Eq. L. Ins. Co.* v. *Stevens*, 63 id. 341; *Morris* v. *Wheeler*, 45 id. 708; *Davis* v. *Clark*, 87 id. 623; *In re Ross*, id. 514; *Tracy* v. *Altmeyer*, 46 id. 598.) Service of the warrant upon the sole executrix was sufficient. Her rights and liabilities accrued on the death of the testator. (Redfield's Law and Practice of Surrogate's Court [2d ed.], 427–8, 433, 434, 435 and 436, note 4; *Valentine* v. *Jackson*, 9 Wend. 304; *Schultz* v. *Pulver*, 11 id. 364; *Dox* v. *Blackentose*, 12 id. 542; 2 R. S. 71, § 16; Willard on Ex'rs, 147; *Durlich* v. *Johnson*, 2 Vern. 48; Wms. on Ex'rs [7th ed.], 302.) Service upon Mrs. Van Brunt was service upon the "debtor" within the meaning of the Code. (*O'Brien* v. *M. & T. Ins. Co.*, 56 N. Y. 57.) A party cannot take advantage of irregularity in issuing attachment, *a fortiori* in its service. (2 Wait's Pr. 184; *Tracy* v. *Seventh*

*Nat. B'k*, 37 N. Y. 323; *Johnson* v. *Ketchum*, 46 Barb. 43; *Smith* v. *Mahon*, 63 How. 382–385.) The court must assume upon the General Term decision, which reversed the decree of the surrogate, that the will is valid, and will presently be admitted to probate, in which event the executrix's representative capacity will be complete and unquestionable from the beginning. (*Rockwell* v. *Saunders*, 19 Barb. 473; *Bellinger* v. *Tord*, 21 id. 311; 2 R. S. 71, § 15; 3 id. 74, § 17 [6th ed.].)

*George Zabriskie* for respondent. The service of the warrant upon the executrix was not valid, the will never having been proved, and a special administrator having been appointed. (2 R. S. [4th ed.] 71, § 16; id. 76, §§ 38, 39; id. 81, § 78; *Flandrow* v. *Van Brunt*, 84 N. Y. 1; *McKinney* v. *Collins*, 88 id. 216; *Pennoyer* v. *Niff*, 95 U. S. 714.)

MILLER, J. Upon the former application to the surrogate in this matter it was held, upon appeal to this court,[*] that an attorney for the successful party in an action, by whom a judgment was procured, is not an "individual holding such property" within the meaning of the provision of the Code of Procedure (§ 235), authorizing the execution of an attachment by service of a copy. On this appeal it appears that upon the application to the surrogate an affidavit was presented showing that the warrant of attachment was served upon Mary T. Van Brunt as executrix of the last will and testament of Tunis Van Brunt, deceased, the judgment debtor. By the affidavit sworn to as the return to the attachment, it appears that service of the said attachment was made on the attorney by whom the judgment had been entered by a different person and at a different period of time from that named in the affidavit now relied upon, which was not sworn to until some twelve years after the service mentioned therein. The length of time which has elapsed since the service may be regarded as subject to some criticism, especially as the person upon whom the alleged service was made, swore, in 1874, that

---

[*] 84 N. Y. 1.

no such service had been made upon her.  Assuming, however, that the affidavit is to be regarded as entitled to full credit and consideration, the question arises whether it was sufficient, in view of all the circumstances presented, to establish the right of the applicant to the relief claimed.

Tunis Van Brunt, against whom the judgment which was attached was entered, died in 1867.  The instrument purporting to be his will, in which his widow was named as executrix, was contested, and in 1868 Edward Schell was appointed special administrator of the estate.  The validity of the will and the rights of the executrix were not determined and were the subject of controversy at the time the alleged service was made, and have not yet been the subject of adjudication.  So far as the estate is concerned, the special administrator has acted in that capacity, and has never been served, nor has any effort been made to serve the attachment upon him.  We think the service upon Mrs. Van Brunt was not sufficient, in view of the facts, to bind the estate of Tunis Van Brunt. The Code of Procedure (§ 235) which was in operation at the time of the alleged service required that " the execution of the attachment upon  *  *  *  any debts or other property incapable of manual delivery to the sheriff shall be made by delivering a certified copy of the warrant of attachment  *  *  *  with the debtor or individual holding such property." The judgment was due from the deceased to the bank and belonged to it.  It could only be attached by a service upon the judgment debtor, or, in case of his death, upon the representative of his estate.  Mrs. Van Brunt did not occupy that position.  The will had not been established, and it had not then been decided that she had any right or claim to act as executrix of the estate.  Although she was the widow, sole legatee and executrix named in the will, it had never been admitted to probate, and she had acquired no right by which she was authorized to act for or on behalf of the estate.  So far as any such authority existed, it was, at that time, vested in the special administrator; the executrix had not qualified, nor had she taken possession of the assets of the estate; she

could not have sued as a representative of the estate, nor been prosecuted by any creditor; the most which she could do was to pay the funeral expenses and preserve the assets, and she had even been deprived of this power by the appointment of the special administrator. She certainly had no power to represent the estate in reference to debts existing or claimed against it.

We are referred by the learned counsel for the appellant to numerous authorities to sustain the position that the executrix named in the will was vested with rights which entitled her to represent the estate in regard to the claim in question. The rules established by the authorities cited may well apply to cases where the will has been properly executed and no question arises as to its validity, but they cannot be invoked in reference to a case where a contest exists in regard to the due execution of the will under which the executor or executrix was authorized to act. In the case considered, it does not appear that the will was legally executed, but on the contrary a contest existed as to its execution, and hence the executrix could not be regarded as having any authority under the instrument in question. She might or she might not have, as the result might occur; as this was uncertain, she did not occupy the position of a lawful representative of the estate. The statute is directly in conflict with the right of the executrix here to represent the estate of the deceased. It confers certain rights upon the executrix for the preservation of the estate, and can have no application so long as a question existed in regard to the validity of the will under which she was appointed. So far as this estate is concerned, any power which existed in reference to its preservation must rest with the special administrator. It is no answer to the position that no person was qualified to act as executrix and upon whom service could be made, to say that the respondent cannot question the regularity and authority of the will as he has sought to establish it in another proceeding. The question here is whether a valid service has been made upon the party representing the estate, and the respondent has a right to insist that this should be done in conformity to the law and practice in similar cases.

The appellant's counsel claims that the respondent's attorneys upon being inquired of concealed the fact that a special administrator had been appointed and gave information that Mary T. Van Brunt was the executrix, and hence he is now precluded from claiming that he should be served with the attachment. It is not apparent that there was any fraudulent concealment, and it is difficult to see upon what principle the statement made by the attorneys could change the rule with regard to serving the attachment upon the party who represented the debtor, and authorize such a service upon one whose right to represent the estate was not established. There is no practice established which dispenses with the necessity of serving upon the party in interest under the circumstances claimed to exist in reference to the alleged concealment. Upon no principle do we think it can be contended that the service upon Mrs. Van Brunt was a service upon the debtor within the provision of section 235 of the Code of Procedure. There is no ground for claiming that a liberal rule should be adopted in reference to the service of the attachment as in cases where the debtor does not seek to set the attachment aside.

It is also urged that the presumption being in favor of the validity of the will and that it will be admitted to probate, that the service upon the executrix will be complete from the beginning. We do not think that this position is well founded. As the case stands, the executrix does not legally represent the estate; she may never be authorized to act in that capacity. Under these circumstances, it would be going very far to say that the service upon the executrix is sufficient because eventually the will may be proved and established. There is no rule of law which sanctions such a presumption and which can be invoked in this case.

There are other questions raised upon the argument, but inasmuch as the decision of the surrogate should be sustained for want of a sufficient service of the attachment, as already stated, a discussion of them is not required.

The order should be affirmed.

All concur.

Order affirmed.