B. W. MARSHALL, ASSIGNEE OF PETER FAGAN, v. D. L. MORGAN.

*Sale of Fictitious Accounts. Warranty. Assignee.*

The plaintiff assignee, to whom the assignor had conveyed his property for the benefit of his creditors, sold *fictitious accounts* to the defendant; *Held,* that the sale was void, and that the plaintiff could not recover for such accounts, and this on the ground that nothing by the sale was transferred to the purchaser.

ASSUMPSIT. Heard by the court, September Term, 1885, VEAZEY, J., presiding. Judgment for the defendant. Peter Fagan assigned to the plaintiff, for the benefit of his creditors, his attachable property, including choses of action, debts due to said Fagan, &c. The exceptions stated:

"In the transfer of the property to the defendant under this contract, the plaintiff turned over all the books and bills as kept by Fagan, as evidence of the debts due him. The defendant paid as required by the contract except $187.50, which he neglected to pay on account of having made some small payments in behalf of Fagan by subsequent arrangement with the assignee, but mainly on account of many of the accounts, as shown by Fagan's books and bills, having been paid to Fagan before his assignment, but not credited on his books, or by being subject to legal offsets. The defendant claimed that these together with an item of cash on hand at time of the assignment, which Fa-

gan had, but which the defendant supposed he was to have, much more than offset the balance unpaid on his contract of purchase, and claimed this balance under his plea in offset. The items in dispute were numerous, and there was more or less conflict in the testimony as to each item in the defendant's claim. The court took up each item by itself and allowed or disallowed, according to the balance of testimony, and upon adding up the items allowed the defendant, they were found to a little more than balance the claim of the plaintiff, and rendered judgment for the defendant to recover his costs, which was satisfactory to the defendant."

*Redington & Butler*, for the plaintiff.

There was no express warranty in the contract as to what accounts were due and what were not due. The circumstances under which the sale was made were such as to wholly· rebut any presumption of warranty. *Kingsley* v. *Fitts & Avery*, 55 Vt. 293; *Gilchrist* v. *Hilliard*, 53 Vt. 593.

It is a general rule that there is a warranty of title in the seller, but facts and circumstances may rebut such presumption. 2 Benj. Sales, s. 961, *n.*

This was an official sale, made by an assignee for the benefit of creditors, which was known to defendant. He could sell only what was assigned to him—only such accounts as were *due and owing* could be assigned to him.

Marshall was acting in an official capacity, having accepted the assignment under R. L. s. 1886. He was under the eye of the court and subject to its order, like an assignee in insolvency or bankruptcy. There is no implied warranty of title in an official sale. 2 Add. Con. s. 614; *McCory* v. *Archer*, 3 Barb. 323; *Baker* v. *Arnot*, 67 N. Y. 448.

There is no warranty in the sale of a pledge.

It is even held that an express warranty by a public officer would be in excess of his authority, and void on the ground of public policy. *Ball* v. *Pratt*, 36 Barb. 402.

In such a sale of choses in action, the vendor only war-

rants, at most, that there is no legal defence arising from his own acts. 9 Wheat. 616; *Sherman* v. *Champ. Tr. Co.* 31 Vt. 162; 11 U. S. Dig. 886.

*J. C. Baker,* for the defendant.

The plaintiff had an inventory of all the property, and turned that over to the defendant as evidence of the property, with the books and bills as kept by Fagan as evidence of the debts due him.

This contract carried with it an implied warranty that all the property on the inventory, except what the plaintiff had sold since the assignment to him, was on hand, and would be delivered to the defendant, and·the part sold should be accounted for in the money turned over, or the evidence of indebtedness against the purchaser. *Shattuck* v. *Green,* 104 Mass. 42; *Patee* v. *Pelton,* 48 Vt. 182; *Reynolds* v. *Roberts,* 57 Vt. 392.

There is always an implied contract in the sale of accounts, that the vendor will make them what they appear to be; that is, accounts due and owing, with no legal defence to them. *Gilchrist* v. *Hilliard,* 53 Vt. 592; *Kingsley* v. *Fitts & Avery,* 55 Vt. 293.

The opinion of the court was delivered by

ROYCE, Ch. J.   This was an action of general and special assumpsit, brought to recover the balance due on a contract of sale made by the plaintiff as the assignee of Peter Fagan.   Pleas of general issue, and a special plea and plea in offset; trial by the court.

In the sale made by the plaintiff there were included certain book accounts, which the court found had either been paid before the assignment, or were charged by the assignor against a party who was not at the time the charge was made, or when the sale was made, indebted to the assignor. There was no express warranty of title made by the plaintiff at the time the contract of sale was entered into; and

the contention has been as to the legal effect of said sale as applicable to said accounts.

It was decided in *Kingsley* v. *Fitts & Avery,* 55 Vt. 293, and *Gilchrist* v. *Hilliard,* 53 Id. 592, that in the sale of accounts there is an implied warranty that they are due and owing, and that the vendor must make them what they appear to be. This case clearly comes within that rule, unless it is distinguishable by reason of this sale having been made by an assignee.

There is no implied warranty of title in a sale made by a public officer. It is claimed that the plaintiff, while acting as the assignee of Fagan, was a public officer, and that in the sale made by him there was no implied warranty of title; and that, inasmuch as there was no express warranty, the plaintiff is entitled to recover.

It is doubtful if an assignee, chosen and appointed by the assignor, and empowered by him to take and dispose of his property for the purposes designated by him, should be treated as a public officer in the sense in which the term is used in the cases in which it has been held he could not be made liable upon an implied warranty of title. He is a quasi-agent of the assignor, and derives his authority from him, and can only be regarded as a public officer on account of his amenability to the court that is charged with the duty of compelling a faithful discharge of the duties imposed upon him by the assignor.

In most, if not all, of the cases to which we have been referred in support of the claim made by the plaintiff, the office was an elective one, or the officer had been appointed by some court.

But it is not necessary to place our decision on that ground.

The implied warranty that the elementary books and adjudged cases treat of, in considering the question of the liability of officers, is one of title. It has never, to our knowledge, been held that an officer was exempt from lia-

bility when it was shown that the property which he professed to sell had no existence in fact as property at the time the sale was made.

In Benjamin on Sales, chap. 4, sec. 75, it is said there can be no sale without a thing transferred to the purchaser in consideration of the price received, or the promise of payment, and that if at the time the thing had ceased to exist, the sale is void.

In such a case, there being no subject matter to contract in relation to, there can be no enforceable contract in reference to it made. Here it is found that the accounts that the plaintiff claims to recover for were fictitious; that, though they appeared on the inventory furnished to the vendee, they were wrongfully entered there, and that in legal effect there were no such accounts.

The assignee is not relieved from the obligation that the law generally imposes upon vendors, to show that the property existed which constituted the consideration for the promise sought to be enforced, by reason of the character in which he made the sale.

There is no error of law apparent in the rule adopted by the court in assessing the damages, and the judgment is affirmed.