WILLIAM H. FLANDROW *v.* HENRY B. HAMMOND.

*Representations in an agreement as to the validity of a judgment and the levy of an attachment thereunder — insufficient proof as to a levy made under the attachment having been defective.*

Upon the trial of an action brought by Wm. H. Flandrow to recover from one Hammond the amount of a judgment theretofore obtained by the Marine Bank of Chicago against one Tunis Van Brunt, it was shown that an agreement was entered into between the plaintiff and defendant, reciting that the defendant had recovered a judgment against the Marine Bank of Chicago (in which action an attachment was issued and levied by the sheriff, upon a judgment recovered by such bank against Tunis Van Brunt), and that the plaintiff was desirous of legally acquiring the judgment against Van Brunt, and in consideration of the sum of $260, paid the defendant by the plaintiff, to cover sheriff's fees and other charges, it was agreed that the defendant should issue an execution upon the judgment recovered by him against the Marine Bank, and direct the sale by the sheriff thereunder of the judgment against Van Brunt; that the defendant, at the plaintiff's risk, should bid in the said judgment upon said sale for the whole amount of his own judgment with interest, and immediately thereafter should transfer all the interest which he should acquire in the said judgment to the plaintiff, on payment to him by the plaintiff of the further sum of $1,372.36.

Thereafter, upon the defendant's application, the court directed the sheriff to sell the judgment against Van Brunt at public auction, and it was subsequently sold to the defendant for the sum of $1,372.36, which amount was paid the defendant by the plaintiff.

*Held,* that under the agreement there was a representation on the part of the defendant that he had a valid judgment against the Marine Bank of Chicago, and also a valid attachment which had been levied upon the judgment obtained by such bank against Tunis Van Brunt.

The plaintiff further introduced in evidence the proceedings upon the accounting of the estate of Tunis Van Brunt. There was no evidence that these representa-

tions contained in the agreement were untrue, or that no levy was made, or that an attempt to levy had been so informal that the defendant acquired no lien upon the judgment against Van Brunt. An affidavit, made by a sheriff's deputy in another court and proceeding, wherein he stated a manner of making a levy not in accordance with the mode pointed out by the Court of Appeals, was in evidence, but it was not shown that other proceedings were not taken by which a valid levy was acquired.

The trial court dismissed the complaint, which ruling was excepted to, and the exception was ordered to be heard in the first instance at the General Term.

*Held,* that the complaint was properly dismissed ;

That for the plaintiff to succeed in the action, he was required to show that the representations contained in the agreement were untrue, and that, in respect to the existence of the levy, he did not support his allegation with proof which necessarily led to the conclusion that no valid levy had ever been made.

MOTION by the plaintiff, William H. Flandrow, for a new trial, on a case containing exceptions ordered to be heard at the General Term in the first instance by an order made upon the dismissal of the complaint at the New York Circuit on the 23d day of March, 1893.

*A. Kling,* for the motion.

*N. S. Spencer,* opposed.

VAN BRUNT, P. J. :

In May, 1871, the plaintiff and defendant entered into the following agreement :

" We, the undersigned, Henry B. Hammond and W. H. Flandrow, do agree as follows :

" WHEREAS, said Hammond recovered a judgment against the Marine Bank of Chicago, in the Supreme Court on November 2, 1870, for $1,282.62, in which action an attachment was issued and levied by the sheriff of New York county, upon a judgment recovered by said Marine Bank of Chicago, against Tunis Van Brunt, on March 1, 1867, for $6,858.12, which last-named judgment said Flandrow is desirous of legally acquiring ; now, the said Hammond, in consideration of $260 to be paid to him by said Flandrow to cover sheriff's fees and other charges, consequent upon the following promises and further covenants following, doth hereby agree to issue execution forthwith upon the judgment recovered by him against said Marine Bank, and direct the sale by said sheriff there-

under of said judgment levied under said attachment within ten days, or as soon thereafter as said sheriff can legally sell the same. And further, that he, said Hammond, will, at said Flandrow's risk, bid in said judgment upon said sale for the whole amount of his own judgment, with interest, and will immediately thereafter transfer all the interest which he shall acquire in said judgment under said sheriff's sale to said Flandrow on the payment to him by said Flandrow of the further sum of one thousand three hundred and seventy-two $\frac{36}{100}$ dollars forthwith.

"*Provided, however,* that in case the sheriff shall receive and accept a higher bid at said sale than that of said Hammond, then this agreement shall be void and said Hammond shall at once repay to said Flandrow said sum of two hundred and sixty dollars. And further provided, that in case said Flandrow shall fail to carry out the provisions of this contract he shall forfeit to, and said Hammond shall retain, said sum of two hundred and sixty dollars as part of his damages.

" Witness our hands and seals, this 5th day of May, 1871.

" (Signed.)        HENRY B. HAMMOND.  [L. S.]

" (Signed.)        W. H. FLANDROW.    [L. S.] "

Subsequently, upon the application of said Hammond, the court directed the sheriff to sell at public auction, under execution to him issued, the said judgment so levied upon in said warrant of attachment, and on the 30th of May, 1871, the sheriff sold to said Hammond for the sum of $1,372.36 the said judgment, and the plaintiff in this action paid to said Hammond said sum of $1,372.36 and $260, making in all $1,632.36.

The plaintiff further introduced in evidence the proceedings upon the accounting of the estate of Tunis Van Brunt, the judgment debtor in the action of the Marine Bank of Chicago against him, upon which judgment it was claimed that the attachment in the action of *Hammond* v. *The Marine Bank* had been levied.

The court dismissed the complaint, which ruling was duly excepted to, and the exception ordered to be heard in the first instance at the General Term.

We are of opinion that under the agreement entered into between the parties to this action, which has been heretofore referred to, that

there was a representation upon the part of the defendant that he had a valid judgment against the Marine Bank of Chicago, and also a valid attachment which had been levied upon the judgment obtained by the Marine Bank of Chicago against Tunis Van Brunt, and that the whole of the agreement rested upon these representations, and if it had appeared in the action that no such levy had been made, but that the attempt to levy had been so informal that the defendant Hammond acquired no lien upon said judgment, there was a failure of consideration for the payments made under the agreement and the plaintiff ought to have been allowed to recover the amount of such payment.

But we have examined the record in vain to find any evidence showing the invalidity of this levy, or that these representations were untrue. The record, it is true, contained an affidavit made by the sheriff's deputy in another court and another proceeding, wherein he does state the manner of making a levy, and which is not in accordance with the mode pointed out by the decision of the Court of Appeals; but there is nothing tending to show that this was the only levy attempted to be made, or that other proceedings may not have been taken by which a valid levy was acquired.

The plaintiff, to succeed in this action, was required to show that the representations contained in the agreement were untrue; and in respect to the existence of the levy he does not seem to have supported his allegation with proof which necessarily led to the conclusion that no valid levy had ever been made. And it seems, therefore, that there was a deficiency in the establishment of the facts necessary to constitute a valid cause of action. It would seem, from a reference to certain cases which have been decided in the Court of Appeals, involving the validity of this levy, that probably such was the fact; but it has not been proven in the case at bar.

The exceptions, therefore, must be overruled, and judgment ordered for the defendant upon the dismissal of the complaint, with costs of this application and in the court below.

Follett and Parker, JJ., concurred.

Exceptions and judgment ordered for the defendant upon the dismissal of the complaint, with costs of this application and in the court below.