WILLIAM H. FLANDROW, Appellant, v. HENRY B. HAMMOND, Respondent.

1. SALE OF JUDGMENT — IMPLIED WARRANTY. On the sale of a judgment by a party who had levied upon it and bought it on execution sale in pursuance of an agreement to bid it off in satisfaction of the execution and transfer it to the other party, who advanced the money for the expenses of the proceedings, there is an implied representation or warranty, not only of the existence of a valid judgment, but that a valid lien had been acquired thereon by the levy under which title could be acquired by sale upon execution.

2. FAILURE OF CONSIDERATION — RECOVERING MONEY PAID. On a. failure of consideration for a contract of sale, on which the purchaser has advanced the money, the other party may be required to pay back the price.

3. EVIDENCE — ATTACHMENT OF A JUDGMENT. In an action by the purchaser of a judgment from one who bought it on execution sale in an attachment suit, to recover back the money paid, on the ground that no title was acquired, and that he had been defeated in an action to enforce the judgment because service in the attachment suit had been made only upon an attorney instead of the owner, evidence, at least *prima facie*, of the failure of title to the judgment is furnished by the judgment rolls of both judgments with the other papers, all of which show service of the attachment on a certain day, with nothing to suggest any other service, while an affidavit among them shows service on that day upon the attorney only.

4. APPEAL — OBJECTION NOT SPECIFICALLY MADE BELOW. A motion for the dismissal of a complaint on general grounds, without calling attention to any specific defect in proof respecting service of an attachment, is insufficient to raise a question on appeal respecting such service.

*Flandrow* v. *Hammond* (72 Hun, 105), reversed.

(Argued December 10, 1895; decided December 19, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 13, 1893, which overruled plaintiff's exceptions, ordered to be heard in the first instance at General Term, denied a motion for a new trial and directed judgment dismissing the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Isaac H. Maynard* for appellant. The defendant never attached the judgment obtained by the Marine Bank of Chicago against Tunis Van Brunt, which the plaintiff in this action was desirous of legally acquiring, and it was upon the understanding that the defendant had levied upon said judgment by virtue of his attachment that the agreement between plaintiff and defendant was made. (*In re Flandrow*, 84 N. Y. 1; 92 N. Y. 256.) As the defendant did not attach the judgment which he agreed to transfer to the plaintiff, and never having obtained title thereto, the plaintiff was entitled

to recover back the consideration paid. (*Furniss* v. *Ferguson*, 15 N. Y. 437; *Marvin* v. *Jarvis*, 20 N. Y. 226; *Webb* v. *O'Dell*, 49 N. Y. 583; *Ross* v. *Terry*, 63 N. Y. 613; *Wood* v. *Sheldon*, 42 N. J. L. 421; *Thrall* v. *Newell*, 19 Vt. 208; *Burchfield* v. *Moore*, 3 El. & Bl. 683; *Gemport* v. *Bartlett*, 75 Eng. C. L. 849; *Eichholz* v. *Banister*, 17 C. B. [N. S.] 708; *Littauer* v. *Goldman*, 72 N. Y. 506.) The General Term was in error when it held that the plaintiff had failed to show that no valid levy had ever been made. (Code Civ. Pro. § 708.) It was error for the General Term to consider the question that no valid levy had been made, as defendant made no motion to dismiss the complaint upon such grounds upon the trial. (*Quinlan* v. *Welch*, 141 N. Y. 159; *Binsse* v. *Wood*, 37 N. Y. 532.)

*Nelson S. Spencer* for respondent. The complaint does not state facts sufficient to constitute a cause of action. (Addison on Cont. [9th ed.] 545; *N. Bank* v. *M. L. & T. Co.*, 123 Mass. 330; *Jones* v. *Huggerford*, 44 Mass. 515; 2 Kent's Comm. 478; *McCoy* v. *Artcher*, 3 Barb. 323; *Andrews* v. *Lee*, 1 D. & B. 321; *Scranton* v. *Clark*, 39 N. Y. 220; *Cohn* v. *Ammidown*, 120 N. Y. 398; *Mandeville* v. *Newton*, 119 N. Y. 10; *Littauer* v. *Goldman*, 72 N. Y. 506.) There is no proof of any breach of the agreement. (Code Civ. Pro. §§ 708, 922.) There is no proof of damage. (*D. Bank* v. *Jarvis*, 20 N. Y. 226; *O'Brien* v. *Jones*, 91 N. Y. 193; *Burt* v. *Dewey*, 40 N. Y. 283.) Assuming that the facts would warrant a recovery of the consideration, it cannot be done in this action. (*Freer* v. *Denton*, 61 N. Y. 495; *Salisbury* v. *Howe*, 87 N. Y. 128; *Vail* v. *Reynolds*, 118 N. Y. 297; *Price* v. *Mulford*, 107 N. Y. 303; *Mills* v. *Mills*, 115 N. Y. 80; *Reid* v. *Suprs. Albany Co.*, 128 N. Y. 364.)

O'BRIEN, J. This action was brought upon a written agreement entered into between the plaintiff and defendant on the 5th day of May, 1871. This agreement recited that the defendant had recovered a judgment against the Marine Bank

of Chicago, November 2, 1870, for $1,282.62, in which action
an attachment had been issued and levied by the sheriff of
New York upon a judgment which the bank had obtained.
against one Tunis Van Brunt on March 1, 1867, for $6,858.12.
The agreement further recited that the plaintiff desired to-
acquire the title to this last-named judgment, and provided
for the following proceedings to accomplish that result : The-
defendant was to issue execution upon his judgment against.
the bank, and direct the sale thereon of the judgment which.
the bank had against Van Brunt and which had already been.
attached in the defendant's suit. The defendant further agreed
to bid in the judgment on the execution sale at the plaintiff's.
risk for the whole amount of his own judgment and interest.
and immediately thereafter transfer the interest in the judg-.
ment thus acquired upon that sale to the plaintiff. The plain--
tiff on his part agreed to pay to the defendant, and did pay-
down the sum of $260 to cover sheriff's fees and charges to be:
incurred in thus obtaining title to the judgment, and, on the-
transfer to him of the judgment, the further sum of $1,372.36.
The agreement contained a proviso to the effect that in case
the sheriff upon the execution sale should receive and accept.
a higher bid the agreement should be void.

The defendant then, in performance of the agreement, pro--
cured a direction from the court to the sheriff to sell the judg-
ment under an execution. The defendant's lien resting upon.
an attachment, an application to the court for that purpose:
was proper. The sheriff sold the judgment to the defendant.
for $1,372.36, and the defendant transferred it to the plaintiff
who paid him that sum, which, together with the $260 pre-
viously advanced, makes $1,632.36 that plaintiff paid to the
defendant in order to procure the title to the judgment.

What the plaintiff now complains of is that, although he.
has paid this money to the defendant under the agreement,
and although both parties have complied with the forms pre-
scribed by the agreement to give the plaintiff title to the
judgment, he has obtained no such title or any interest what-
ever. It appears that the judgment thus sold by the defend--

ant to the plaintiff was never in fact levied upon by any attachment, and, hence, the execution sale was void and no title was acquired by the defendant under it, and none, of course, ever transferred to the plaintiff. That, at least, is the ground upon which the plaintiff seeks to recover back in this action the money which he paid and advanced, and for which, as he claims, he received nothing.

It appears, or at least is alleged, that Van Brunt, the person against whom the plaintiff desired to acquire the judgment, was solvent, so that if the plaintiff had succeeded in obtaining a valid transfer from the defendant, the former could have collected the whole sum due upon the judgment. The learned court below held, very properly, that there was to be implied from the transaction a representation or warranty on the part of the defendant that the judgment which he sold and transferred to the plaintiff not only existed as such, but that he had acquired a lien upon it by virtue of a valid attachment, issued in his own suit and duly levied upon the judgment against Van Brunt, and that he was in a position to acquire title to the judgment by sale upon execution. The agreement, as the court said, rested upon the assumption by both parties that the defendant had a valid lien by attachment upon the judgment which he agreed to transfer and which would enable him, by means of the proceedings stated in the agreement, to acquire good title and to transfer the same to the plaintiff. There is no ground for holding that the plaintiff intended simply to acquire whatever title the defendant could confer through an execution sale. When the plaintiff paid to the defendant over $1,600, he certainly expected to receive something in return. While it might be assumed that he intended to take some chances with respect to its collection, yet it evidently was the intention and understanding of both parties that the defendant could and would confer a valid title to it, and this, at least, it must be assumed the defendant impliedly warranted. Since this point was determined in the plaintiff's favor by the learned court below, and is not seriously contested here, it is not necessary to enter

into any extensive discussion in support of our views, which are substantially the same as those expressed by the learned General Term. It will be quite sufficient to refer to some of the cases bearing on the general subject. (*Schwinger* v. *Hickok*, 53 N. Y. 280; *Chapman* v. *City of Brooklyn*, 40 N. Y. 372; *Furniss* v. *Ferguson*, 15 N. Y. 437; *Delaware Bank* v. *Jarvis*, 20 N. Y. 226; *Webb* v. *Odell*, 49 N. Y. 583; *Ross* v. *Terry*, 63 N. Y. 613; *Littauer* v. *Goldman*, 72 N. Y. 506.)

The plaintiff advanced his money on a contract and did not get that for which he paid. There was a failure of consideration, and there is no injustice in requiring the defendant to pay back the price.

The plaintiff has been defeated in the action not, it seems, because the law was against him, but because he failed to show that the title to the judgment, which he got from the defendant, was in fact invalid. The record does not show upon what ground the complaint was dismissed at the trial, but it appears from the opinion of the learned General Term that the dismissal was affirmed on that ground. The records of this court show that the plaintiff attempted to enforce the judgment against the estate of Van Brunt, who died, and that he failed upon the ground that the attachment was never served upon the Chicago bank (the owner), but upon its attorney, who had procured it, and that no lien was ever acquired by such service. (*In re Flandrow*, 84 N. Y. 1; 92 N. Y. 256.) It would be remarkable indeed if the plaintiff, on the trial of this action, had not profited sufficiently by past experience to avoid such an objection. The case shows that the judgment roll of both judgments was given in evidence at the trial. So was the attachment, the certificate of the attorneys who recovered the judgment for the bank, given to the sheriff, to the effect that they had charge and control of the judgment, the sheriff's certificate of service and an affidavit of the defendant. In all these papers it was stated that the attachment was served on the 26th of January, 1869, and there is nothing to suggest that any service was made or

attempted at any other time.   Among the papers is an affidavit of the person who made the service describing himself as deputy of a deputy sheriff.   He swears that he served the attachment on the 26th of January, 1869, and on that day executed it by levy on the Van Brunt judgment by leaving a certified copy of the warrant with J. L. Jernegan, the individual holding the judgment as plaintiff's attorney, with a notice showing the property levied on, at the same time receiving from the attorney the certificate, of which a copy was annexed.   No objection was made to any of these papers.   They were all papers which the defendant himself had made or caused to be made and filed in regard to the attachment and service thereof.

Their legal effect was to establish, at least *prima facie*, the fact that the attachment was executed and served, not upon the owner of the judgment attached, but his attorney of record, and consequently that no lien upon the judgment was ever acquired by the defendant, and no title to it ever acquired by him or transferred to the plaintiff.   It should be observed also that the defendant's counsel made no specific objection at the trial on this ground.   He made a motion for the dismissal of the complaint on general grounds.   He omitted to call the attention of the court or the opposing counsel to any specific defect in the plaintiff's proof with respect to the manner of serving the attachment.   If the papers referred to were not presumptive evidence of the facts stated in them under §§ 922, 708 of the Code, the defendant's counsel should have raised the question in such a way as to enable the plaintiff to supply other proofs.   The defendant not having specifically raised the question at the trial as to any defect in the proofs in regard to the service of the attachment, cannot raise it now for the first time on this appeal.   (*Gillies* v. *Improvement Co.*, 147 N. Y. 420; *Quinlan* v. *Welch*, 141 N. Y. 159; *Binsse* v. *Wood*, 37 N. Y. 532.)   The complaint demands judgment for the whole amount of the claim which was to be transferred to the plaintiff by the defendant.   There was some discussion at the trial, and there is some on the brief of the

. defendant's counsel here with respect to the extent of the recovery which the plaintiff could have under the complaint and the facts shown. Since the learned counsel for the plaintiff, upon the argument in this court, has admitted that under the circumstances of this case the recovery must be limited to the sum which the plaintiff paid, with interest, as the consideration for the judgment, we adopt that concession as a final disposition of that question.

The judgment must be reversed and a new trial granted, costs to abide the event.

: All concur.

Judgment reversed.