ROBERT WALLER *et al.*, Executors, Appellants, v. ALLEN STAPLES *et al.*, Administrators.

**Bills and Notes:** ASSIGNMENT OF MORTGAGE. The purchaser of a 2 promisory note upon which a payment is endorsed and to whom real estate mortgages given to secure it are delivered does not acquire title to chattle mortgages given as additional security and transferred to one who made the endorsed payment.

IMPLIED WARRANTY. One who transfers without recourse a promisory 1 note together with a mortgage apparently given to secure it thereby implicitly warrants the validity of the security.

*Appeal from Dubuque District Court.*—HON. J. L. HUSTED, Judge.

SATURDAY, DECEMBER 17, 1898.

PROCEEDINGS in probate for the allowance of a claim against the estate of a decedent. A jury was impaneled, evidence was submitted, and a verdict for the defendants was returned by direction of the court, and a judgment was rendered in their favor for costs. The plaintiffs appeal.— *Reversed.*

*Longueville & McCarthy, Longueville, McCarthy & Kenline,* and *N. E. Utt* for appellants.

*Henderson, Hurd, Lenehan & Kiesel* and *D. E. Lyon* for appellees.

ROBINSON, J.—On the twenty-eighth day of March, 1892, Elizabeth M. Houlihan and James Houlihan made to Judson K. Deming their promissory note for the sum of fifteen thousand dollars, payable five years after date, with interest thereon at seven per cent. per annum, payable semi-annually. To secure its payment, the makers executed a mortgage upon two hundred and eight-one acres of land. At the same time, and as further security, James Houlihan exe-cuted and delivered to Deming a chattel mortgage on live stock, wagons, harness, and farm implements. On the nine-teenth and twenty-second days of December, 1892, Houlihan executed to Deming two other chattel mortgages for the same purpose. On a date not shown, another mortgage was deliv-ered to Deming, which purported to have been executed by Catherine Callahan and Mary Callahan upon sixty acres of land, and their interest in another tract of forty acres. That mortgage provided that it was "to be void on condition that James Houlihan pay the said Judson K. Deming the sum of eight thousand dollars, it being a portion of a note for fifteen thousand dollars this day executed by said James Houlihan to Judson K. Deming." Deming, in taking the note and mortgages specified, was acting for the Second National Bank of Dubuque, of which he was cashier; and, within a short time after the note was received, he indorsed thereon the words "Without recourse," which he signed, for the purpose of transferring the note to the bank. In March, 1893, the bank commenced to foreclose the chattel mortgages, where-upon A. W. Hosford, to prevent the foreclosure, entered into a contract with the bank by which he agreed to pay seven thousand dollars on account of the note. Payments were made under that contract, the last one on the first day of August, 1893, when an indorsement thereon was made as fol-lows: "Seven thousand dollars principal and interest on that amount paid to Aug. 1st, 1893, by A. W. Hosford," and that indorsement was signed, "J. K. Deming, Cashier." In con-nection with this transaction, the chattel mortgages were

delivered to Hosford, and also a satisfaction of them executed by Deming. In September, 1893, the note was sold to G. M. Staples, the defendants' intestate, and was delivered to him with the real estate mortgages. In April, 1894, Staples, for a sufficient consideration, transferred the note to the plaintiffs, who are executors of the Waller estate. An assignment of the mortgages had been made to Staples, but, in order to save the expense of recording an assignment, Deming executed for the bank an assignment to the plaintiffs. The Houlihan mortgage was foreclosed by the plaintiffs, the mortgage property sold, and six thousand six hundred and seventy dollars and five cents realized therefrom to apply on the debt. The amount remaining unpaid of the interest in the note acquired by Staples, and by him transferred to the plaintiffs, is now about three thousand dollars. The Callahan mortgage was a forgery, and nothing has been realized from it. Had it been valid, the property it mortgaged could have been sold for an amount sufficient to pay the remainder due the plaintiffs. We understand that the Houlihans are insolvent. When the bank sold the note to Staples, the words "Without recourse" were stamped below the indorsement respecting the seven thousand dollar payment, and above the signature of the cashier, and also between the words "Without recourse" and the signature of Deming, indorsed by him to transfer the note to the bank. The plaintiffs claim that the purchase of the note and security from Staples included an implied warranty on his part that the Callahan mortgage was what it appeared to be,—a valid instrument,—and they seek to recover for an alleged breach of that implied warranty. The defendants contend that when the note was transferred to Staples, all but about eight thousand dollars thereof had been paid; that in the transaction with Hosford the chattel mortgages were transferred for the benefit of the plaintiffs; that some, if not all, of the property covered by the chattel mortgages, was sold, and three thousand six hundred dollars, or more than enough to pay

the remainder due the plaintiffs, was realized from the sale; that the transfer of the note to Staples, and by him to the plaintiffs, carried the chattel mortgages; and that, had the Callahan mortgage been valid, it should have been treated as security, to be resorted to only after the property mortgaged by the debtors had been exhausted; and that recourse to it was not necessary, because the property pledged by the debtor was ample to pay the debt. The plaintiffs deny that they or Staples ever had any interest in the chattel mortgages.

I.   Unless it be otherwise agreed, the transfer without recourse of a promissory note warrants by implication that the note transferred is genuine, not forged or fictitious; that it is of the kind and description it purports to be on its face; that the parties to it are capable of contracting; and that it has not been paid. *Watson v. Cheshire,* 18 Iowa, 202. That rule has been applied to bank stock (*Allen v. Pegram,* 16 Iowa, 163); to a judgment (*Miller v. Dugan,* 36 Iowa, 433); and to accounts (*Kingsley v. Fitts,* 55 Vt. 293); and it applies to property exchanged or bartered as well as to that sold (*Snyder v. Reno,* 38 Iowa, 329). See, also, *Meyer v. Richards,* 163 U. S. 385 (16 Sup. Ct. Rep. 1148); *Webb v. Odell,* 49 N. Y. 583; *Giffert v. West,* 37 Wis. 115; *Terry v. Bissell,* 26 Conn. 23; *Swanzey v. Parker,* 50 Pa. St. 441; 10 Am. & Eng. Enc. Law, 162 *et seq.* We are of the opinion that the rule of these authorities is applicable to mortgages. There is no evidence in the record which tends to show that Staples intended to protect himself against liability arising from an implied warranty, and, for the purposes of this appeal, it must be presumed that he did not do so.

II.   It is insisted, however, that the transfer of the note carried with it the chattel mortgages; and, if there was any arrangement between the bank and Hosford by which the latter was to have an interest in the note and the chattel mortgages, Staples did not have any knowledge of it, and therefore, that the title to the chattel mortgages passed to him. There is some confusion in the record and some

conflict in the claims made respecting the real nature of Hosford's connection with the note. We do not find it necessary to determine, however, whether the evidence shows that he made an absolute payment on the note, or merely purchased an interest in it. The evidence tends to show that, for a sufficient consideration, the chattel mortgages were transferred to him, and that the bank parted with all its interest in them. It is immaterial to the plaintiffs whether those mortgages were satisfied by the bank, and surrendered, or were transferred to be held by Hosford as security for money he had advanced to or for Houlihan. If either was done, neither Staples nor the plaintiffs acquired any interest in the chattel mortgages, and the plaintiffs would be entitled to recover on the warranty implied in the transfer to them by Staples of the Callahan mortgage, if it does not appear affirmatively that there was no such warranty. The evidence would have warranted the jury in finding that the Callahan mortgage was transferred with an implied warranty that it was genuine; that the plaintiffs never had any interest in the chattel mortgages, nor in the proceeds of the property thereby mortgaged; and that they were entitled to recover in this action. The district court therefore erred in directing a verdict for the defendants, and its judgment is REVERSED.