### HIX v. EDISON ELECTRIC LIGHT CO.

(Supreme Court, Appellate Division, First Department. December 18, 1896.)

APPEAL—PRACTICE—MOTION TO RESETTLE CASE.

> The power of the court to resettle the case on which an appeal has been heard after a reversal of the judgment, in furtherance of justice, will not be exercised for the purpose of supplying an omitted memorandum of the trial judge, which it is claimed would show a failure of proof of a material fact, where it is evident from the record that the proof was omitted in reliance on an admission, from which such fact is inferable, and the fact itself is not denied.

Action by W. Preston Hix against the Edison Electric Light Company. Motion by respondent, made after reversal of the judgment appealed from, to resettle the case on which the appeal was heard. Denied.

For decision reversing the judgment, see 41 N. Y. Supp. 680.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

John C. Tomlinson, for appellant.

Eugene H. Lewis, for respondent.

PER CURIAM. This is an application made by the respondent after the reversal of a judgment to resettle the case upon which the appeal was heard, in order that there may be incorporated therein a memorandum made by the judge when the case on appeal was settled by him. It is claimed that, if that memorandum had appeared in the record, a different aspect would have been given to one of the questions considered by this court in its decision of the appeal. That question related to the authority of the General Electric Company to bind the defendant by certain acts; and it is claimed that the memorandum referred to would have established that there was a

failure of proof on the part of the plaintiff to show such successorship in interest of the General Electric Company to the defendant as would enable it to bind the defendant by anything it did. In the opinion of this court it is said that the defendant claimed the proof failed to show the defendant's connection with the successor company, but that that point was not taken upon the trial, nor was the case disposed of by any defect of proof in that respect, and, "on the contrary, what was deemed to be sufficient proof was furnished, and if the plaintiff inopportunely stopped, as the defendant contends, it was undoubtedly because the fact as to the relations of the predecessor and successor company were assumed by both sides." The memorandum above referred to appears to be one made by the judge on the settlement of the case, and from which the respondent would infer that a grave misapprehension existed respecting the nature of an admission made at the trial. From the record as it was settled by consent of the attorneys, and as it came before us upon their consent, it clearly appeared that it was taken for granted that the General Electric Company was the successor in interest of the Edison Electric Light Company, and that it might be inferred that the plaintiff desisted from making any further proof respecting the relations between the companies by reason of statements in the nature of admissions that the General Electric Company received a certain percentage on a contract referred to on the trial, and that the inference was inevitable that it received such percentage by virtue of its substitution to the contract rights of the Edison Electric Light Company. Upon this record the counsel for the plaintiff was justified in believing that the admission was made; and, if there is any doubt upon this subject, it is clearly a case of misapprehension as to the effect of this alleged admission by counsel on both sides. Mr. Tomlinson, in his affidavit now presented to us, states that he assumed throughout the entire trial, and he believes that it was assumed by all parties, that the General Electric Company was the successor of the defendant. It seems to us, on reading the whole case, that it was so assumed by everybody connected with the trial, although the memorandum now sought to be brought to the attention of the court would indicate that the learned judge before whom it was tried, on the settlement of the case entertained a different view. We have no doubt of the authority of the court, even after the decision of an appeal, to permit the case to be corrected in furtherance of justice. But we do not think that power should be exercised in this case. It was a very involved, and exceedingly intricate, case. The question of the successorship of the General Electric Company may be a crucial one in the case. But we are convinced that the failure of the plaintiff to produce further proof of the point under consideration was the result of what was understood to be the situation of the record in regard to that point. It is not claimed nor shown in any way that the General Electric Company was not, as matter of fact, the successor of the Edison Electric Light Company in the particular matter under consideration. All that is claimed is that the judge's memorandum referred to would show that there was a failure of proof. Without deciding whether or not there was sufficient proof, without the ad-

mission, to show the relation of the General Electric to the Edison Light Company we think the purposes of justice will be better subserved by denying this motion, and remitting the parties to a new trial, as already decided, and not to have the case reargued upon a record in respect of which the plaintiff may well and justly claim he was entirely misled by what occurred on the trial.

The application must therefore be denied, with $10 costs.