HACKETT v. EDWARDS et al.

(Supreme Court, Appellate Term.   January 23, 1899.)

APPEAL—CONTRIBUTORY NEGLIGENCE—DEFENSE FIRST RAISED ON APPEAL.
    The defense of contributory negligence cannot be first raised on appeal.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by John J. Hackett against Edwards, Merrill & Co.   Judgment for plaintiff, and defendant appeals.   Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Jonathan C. Ross, for appellant.
C. Washbourne Smith, for respondent.

PER CURIAM.   This action was brought to recover damages claimed to have been sustained by plaintiff, in consequence of an injury to his infant son, through the alleged negligence of the defendant's servants.   The pleadings were in writing, and the answer, besides containing a general denial, averred contributory negligence.   The proofs were sufficient to warrant the justice in finding that the tailboard of the ice wagon was down while the defendant's servants were in the butcher shop, and that in consequence thereof one of the cakes of ice fell out of the wagon, upon plaintiff's son, while he was upon the sidewalk, thereby causing the injury for which plaintiff seeks compensation.

The defendant urges that the boy was guilty of contributory negligence; but, as the point was not made in the court below, it cannot now be raised for the first time on appeal.   Flandrow v. Hammond, 148 N. Y. 129, 42 N. E. 511; Kafka v. Levensohn, 18 Misc. Rep. 202, 41 N. Y. Supp. 368.   The record discloses that the only motion made by the defendant to dismiss the complaint was based solely upon the ground that there was no evidence of negligence on the defendant's part.   This was calculated to mislead the plaintiff into the belief that no claim of contributory negligence was made by the defendant upon the facts, and to cause him to refrain from giving proof which might well have been adduced upon the point, had attention been called to the defect at the trial.

For these reasons the judgment should be affirmed, with costs.