sary that the instrument be acknowledged in order to constitute an effectual transfer. But, by the treasurer's receiving and filing the paper without acknowledgment, the association waived insistence upon its by-law in that respect. Such, undoubtedly, is the law as laid down in many authorities, among them Kimball v. Lester, 43 App. Div. 27, 59 N. Y. Supp. 540, where the court held an assignment of an interest in a similar association to be in violation of the constitution, so that the association might have insisted on the restriction, and refused payment; yet, as it had not done so, and was indifferent in the controversy, and had paid the stipulated sum into court, it had waived the restriction, and the beneficiary could not avail herself of such noncompliance with the constitution of the company. The judgment is not in accordance with authority, and should be reversed.

Judgment reversed, and new trial granted, costs to abide the final award of costs. All concur.

(31 Misc. Rep. 451.)

CITY OF NEW YORK v. UNION RY. CO.

(Supreme Court, Appellate Term. May 1, 1900.)

1. PLEADING—AMENDMENTS—MISNOMER OF DEFENDANT.
    Under Code Civ. Proc. § 723, permitting amendments to pleadings upon the trial, or at any stage of an action before judgment, by adding or striking out the name of a party, or by correcting a mistake in the name of the party, plaintiff may be allowed to amend his complaint by correcting a mistake in the name of a corporation defendant after appearance, and before trial.

2. SAME—WAIVER OF MISNOMER.
    Under Code Civ. Proc. § 1777, providing that a mistake in the corporate name of a party to an action is waived unless the misnomer is pleaded in the answer, or other pleading in defendant's behalf, a defendant who has waived such mistake by failure to plead it cannot complain of the allowance of an amendment to the complaint correcting a mistake in the name of a corporation defendant.

3. COURTS—JURISDICTION—DOMESTIC CORPORATIONS.
    The operation of a railway by a corporation within the territorial jurisdiction of the municipal court of the city of New York is sufficient to constitute a residence by such corporation within the jurisdiction of said court, under Code Civ. Proc. § 341, giving the county courts jurisdiction of actions against domestic corporations actually located within the county.

4. APPEAL—ISSUES IN LOWER COURT—ESTOPPEL.
    Where the cause was voluntarily litigated in the court below upon the theory that two city ordinances of different years, and affecting the rights of defendant, were identical, the plaintiff will not be permitted to claim on appeal that the question of their identity was not properly raised in the court below because one of the ordinances was not introduced in evidence.

5. STREET RAILROADS—TIMES FOR RUNNING CARS—CONSTRUCTION OF CITY ORDINANCES.
    Rev. Ord. City of New York 1897, §§ 595, 596, requiring city railroad companies "not running cars" on the surface of the streets of said city to run not less than one car every 20 minutes between the hours of 12 midnight and 6 o'clock a. m., under penalty of $100 for every neglect or refusal to comply with the ordinance, are applicable to a street railroad

which did not begin to operate its cars, nor have any corporate existence, until the year 1892; said sections being identical with an ordinance of said city adopted in 1890, before said corporation was "running cars," and Rev. Ord. § 785, providing that, in so far as the revised ordinances are substantially the same as the ordinances existing at the time the former took effect, they shall be construed as a continuance of such ordinances, and not as new ordinances.

6. APPEAL—QUESTIONS NOT RAISED BELOW.

The claim that Rev. Ord. City of New York, §§ 595, 596, in regard to the running of street cars after midnight, do not apply to defendant, in the absence of proof that it ran cars or had tracks laid at the time when the revised ordinances took effect, cannot be made on appeal, when such point was not raised in the court below.

7. STREET RAILROADS—ORDINANCE FIXING TIME FOR RUNNING CARS—VIOLATION—EVIDENCE.

In an action to collect a penalty of a street-railway company for its neglect to run cars every 20 minutes after midnight, as required by Rev. Ord. City of New York, §§ 595, 596, evidence that in 1892, by a consolidation of certain street railroads, defendant became the owner of the road, tracks, etc., on W. avenue; that during the daytime of the period in question cars bearing defendant's name were run along said avenue, and that no cars except those bearing the name of defendant were operated thereon; and that on a day named in 1898, from half past 1 until half past 5 o'clock in the morning no cars passed a police officer, whose beat extended along said avenue,—is sufficient to support a judgment for the penalty prescribed for the violation of said ordinance.

Appeal from municipal court, borough of the Bronx, First district.

Action by the city of New York against the Union Railway Company to recover a penalty. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Hoadley, Lauterbach & Johnson (Nathan Ottinger, of counsel), for appellant.

John Whalen, Corp. Counsel (Adrian T. Kiernan, of counsel), for respondent.

GIEGERICH, J. The action is for a penalty of $100 for an alleged violation of sections 595 and 596 of the Revised Ordinances of the City of New York, adopted by the mayor, aldermen, and commonalty of the city of New York, March 9, 1897, and approved March 30, 1897, and which read as follows:

"Sec. 595. The several city railroad companies now running cars on the surface of any of the streets in the city of New York are hereby directed and required to cause their cars to be run and operated on their tracks as frequently as public convenience may require, and not less than one car every twenty minutes, between the hours of twelve, midnight, and six o'clock a. m. each and every day, both ways, for the transportation of passengers.

"Sec 596. Each and every company who shall neglect or refuse to comply with the provisions of section one of this ordinance, shall thereby incur a penalty of one hundred dollars for each and every such neglect or refusal, to be recovered by the corporation attorney as in the case of other penalties."

The violation for which the penalty was sued for was stated to be:

"Omitting and neglecting to run its [defendant's] cars on its tracks, both ways, from Third avenue to the Southern boulevard, on Westchester avenue,

in the city of New York, every twenty minutes, on the 16th day of July, 1898, between the hours of 1:30 o'clock a. m. and 5:30 o'clock a. m."

The action was commenced by the service of the summons upon the president of the "Union Railway Company of the City of New York," although the process was directed to the "Union Railway Company." Upon the application of the plaintiff, and against the defendant's objection and exception, the court permitted an amendment of the pleadings to be made, so as to read, "The City of New York against the Union Railway Company of the City of New York."

It is urged by the defendant that the allowance of such amendment was reversible error. The court below, however, had ample power to correct a mistake in the name of a party litigant. Code Civ. Proc. § 723. Moreover, as the defendant did not plead the misnomer, it is deemed to have waived the mistake in the statement of the corporate name. Code Civ. Proc. § 1777. The proof fails to disclose whether the defendant was, during the period in question, a domestic or foreign corporation, or that it had a place for the transaction of its business within the territorial jurisdiction of the municipal court; but it was shown by competent evidence adduced upon the trial that the defendant operated a railroad within such jurisdiction, and this is sufficient to constitute a residence, within the provisions of section 341 of the Code of Civil Procedure. See Plimpton v. Bigelow, 93 N. Y. 598, 599.

The defendant claims that in 1890 an ordinance was passed similar in its provisions to the enactment of 1897, and this fact seems to have been taken for granted upon the trial, although, technically speaking, the ordinance of 1890 was not formally admitted in evidence. The record discloses that the issues herein were litigated in the court below upon the theory that the ordinance last referred to was before it, and that briefs were to be submitted upon the point there raised by the defendant respecting the meaning of the word "now," occurring in the Revised Ordinances of 1897, as well as in the earlier ordinance of 1890, and the effect of such identity upon the case at bar. Under these circumstances, we fully agree with the position taken by the defendant's counsel in his brief that "the voluntary litigation of this case upon the theory of the identity of the ordinances of 1890 and 1897 precludes the respondent from contending that the point was not properly raised below." Hix v. Light Co., 12 App. Div. 627, 42 N. Y. Supp. 769. In support of the question so raised, the defendant's counsel has called our attention to the provisions of section 785 of the Revised Ordinances, put in evidence by the plaintiff, and which provides that "the provisions of any of the foregoing ordinances, in so far as they are substantially the same as those of ordinances existing at the time these ordinances take effect, shall be construed as a continuance of such ordinances modified or amended according to the language employed in the foregoing ordinances and not as new ordinances." It is argued for the defendant, in view of the foregoing provisions, that sections 595 and 596, supra, have application only to such railroad companies as were running cars or had tracks laid, in the territory where alleged violations occurred, at or before the time that the ordinance

of 1890 took effect, and that since it was shown upon the trial that the defendant did not begin to operate cars, or have any corporate existence, until the year 1892, such sections cannot apply to any omission or neglect on its part. This contention is without force. None of the authorities cited by the defendant's counsel sustains the position assumed by him. They hold, simply, that in construing re-enactments, in which the language is doubtful or ambiguous, former statutes therein embodied are to be considered. 23 Am. & Eng. Enc. Law, 317. In harmony with this canon of interpretation, reference is had to the second section of the original ordinance, in view of the wording of section 596, which is a re-enactment ipsissimis verbis of the same. It seems that the revisers literally incorporated such second section into the provisions of the above-cited section 596, without having taken into consideration the fact that a change in the number of the preceding section had taken place. As these two sections are identical, it cannot fairly be claimed that the rights of the city have been lost by the lack of verbal identity. In re Prime, 136 N. Y. 347, 355, 32 N. E. 1091, 18 L. R. A. 713. Moreover, it is expressly declared by section 785, supra, that the re-enactment of an ordinance existing at the time when the Revised Ordinances went into effect shall be deemed a continuation thereof. This is but declaratory of a rule of statutory construction which was laid down by the court, in the case last cited, in these words (page 355, 136 N. Y., page 1093, 32 N. E., and page 718, 18 L. R. A.):

"Where the amended act re-enacts provisions in the former law, either ipsissimis verbis or by the use of equivalent, though different, words, the law will be regarded as having been continuous, and the new enactment, as to such parts, will not operate as a repeal so as to affect a duty accrued under the prior law, although, as to all new transactions, the latter law will be referred to as the ground of obligation."

It follows from these views that the above-cited sections (595 and 596) must be treated as the declaration of the local legislative authority with respect to the subjects which they embrace at the time of their approval, viz. March 30, 1897 (U. S. v. Bowen, 100 U. S. 508, 513, 25 L. Ed. 631; Refrigerating Co. v. Sulzberger, 157 U. S. 1, 39, 15 Sup. Ct. 508, 39 L. Ed. 601); and these sections clearly evince the purpose to compel all street surface railroads then operating within the municipality, under a penalty of $100 for each neglect or refusal, to run cars, at intervals of not less than 20 minutes, over the entire road, between 12 o'clock midnight and 6 o'clock in the morning.

Had this action been brought under the original ordinance, there might be some force in the argument of the defendant that the same was limited in its application by the word "now," but since the suit was instituted under the Revised Ordinances, and so long as statutes must have effect according to the intent of the enacting body as manifested by the language employed, and in the light of the circumstances under which the acts are passed (People v. Board of Montgomery Co. Sup'rs, 67 N. Y. 109, 119) the construction sought to be placed upon said sections 595 and 596 is, under the circumstances, unreasonable, and, if adopted, would, so far as the

defendant is concerned, destroy their utility, and justify, rather than prevent, the inconvenience to the public.

The brief of the defendant's counsel is largely devoted to a discussion of the proposition that the Revised Ordinances of 1897 apply only to such railroad companies as were in existence when the ordinance of 1890 was approved, and a desire is therein expressed, in view of the pendency of similar actions against the defendant, and of the confidence felt in the position so taken, "to secure the opinion of this court upon that particular question." We have examined with great care the points so presented, and our views with respect thereto are above set forth. Somewhat inconsistently with this request upon the part of counsel, however, we note his argument that the proof fails to show that the defendant ran cars or had tracks laid in the territory in question when the Revised Ordinances took effect; but, as the point was not made in the court below, it cannot now be raised for the first time on appeal. Flandrow v. Hammond, 148 N. Y. 129, 135, 42 N. E. 511; Hackett v. Edwards, 25 Misc. Rep. 778, 55 N. Y. Supp. 624; Martin v. Bank, 160 N. Y. 190, 199, 54 N. E. 717; Baylies, Tr. Prac. (2d Ed.) 317.

It is elementary that on appeal an appellant will be confined to the position he assumed upon the trial of the action. No exception can be made in a case brought to recover a penalty. Such an action is governed by the same rules that control the disposition of ordinary civil actions. Dill. Mun. Corp. § 410; People v. Briggs, 114 N. Y. 65, 20 N. E. 820. It appears, however, from a certain agreement, bearing date the 2d day of July, 1892, that certain street surface railroads, including "the road, tracks," etc., were consolidated, and became known as the "Union Railway Company of the City of New York," and among the thoroughfares affected thereby was Westchester avenue. The evidence shows, furthermore, that the avenue last mentioned begins at Third avenue, and continues to the Southern boulevard; that, during the daytime of the period in suit, cars bearing the name "Union Railway Company" were run along this avenue; and that no cars except those bearing such name were operated thereon. It also appeared from the testimony of Police Officer Bull that on July 16, 1898, he covered his post from Prospect avenue to Third avenue, which extended over and along Westchester avenue; that he was not off post from half past 1 until half past 5 o'clock in the morning; and that during this time no cars passed him. Under these circumstances, it must be held that the defendant did not, during the time in question, run any car whatever, and hence incurred the penalty sued for. The defendant was during that part of the night bound to run cars over its entire tracks at intervals of 20 minutes each, and it cannot escape liability upon the plea that the proof shows a failure or neglect to operate only a portion of its line. It may be that the failure of the defendant to run cars during the period in controversy was not due to its neglect or refusal, but, since its counsel did not see fit to put in any proof, it is but fair

to assume that the defendant does not seek exemption upon that ground.

For the reasons above stated, the judgment should be affirmed, with costs. All concur; BEEKMAN, P. J., in result.