FRIEDMAN v. ERSTE KAISER FRANZ JOSEPH UNTERSTUTZUNGS VEREIN.

(Supreme Court, Appellate Term. June 6, 1907.)

1. APPEAL—DEFENSES NOT RAISED AT TRIAL.

The defense of duress, not raised in the trial court, cannot be urged on appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 1088.]

2. PLEADING—AMENDMENT.

Where, in an action for the services of certain musicians, defendant claimed that $25, which had been paid to plaintiff and which plaintiff paid to the leader of a rival band, was a part of the consideration which defendant had agreed to pay plaintiff, while plaintiff claimed that such payment was made at defendant's instance to settle the rival leader's claim, it was not error to refuse to permit defendant to amend its answer so as to set up a counterclaim to recover such $25, as it would not have affected the situation.

**3. DEPOSITS IN COURT—EFFECT.**

Payment into court of a less sum than that found due does not prevent the recovery of a judgment for the full amount, if such judgment is greater than the amount paid in, defendant being only entitled to have such amount credited on the payment.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Israel Friedman against the Erste Kaiser Franz Joseph Unterstutzungs Verein. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Henry Goldey, for appellant.

Alfred & Charles Steckler, for respondent.

GILDERSLEEVE, P. J. The plaintiff was the leader of a band, and he and his band were hired by the defendant to play at a picnic for the agreed sum of $40. After he began to play, one Fischer, the leader of another band, appeared and claimed also to have been hired to play. The defendant's agent and committee repudiated the hiring of Fischer. Fischer then told the plaintiff and his band that, if they continued to play for the defendant, he (Fischer) would have them all discharged from the union, to which both bands belonged, unless he (Fischer) was settled with for his damages. Plaintiff and his band thereupon refused to carry out their contract unless Fischer was settled with. At this point the contention arises. The plaintiff was given $25 by the defendant's agent, which he paid over to Fischer in settlement of Fischer's claim. It is the claim of the plaintiff, and is supported by evidence, that the defendant's agent and the defendant's committee authorized and employed the plaintiff to arrange with Fischer, and that he did so, for the sum of $25, although he at first claimed $45, and that the sum of $25 received by the plaintiff was received from the defendant's agent for that purpose. The defendant claims that they paid said $25 to plaintiff on account of the $40, the agreed amount of his compensation, and that plaintiff of his own accord paid Fischer $25. Upon this disputed question the court found in favor of the plaintiff.

The defendant, for the first time on appeal, claims that its agent paid this $25 under duress; he being told by the plaintiff that they would not play longer unless that sum was paid to Fischer. This claim is made too late, and is not available. Upon the trial no such claim was urged, and the testimony of the defendant and its witnesses is to the effect that they told the plaintiff to quit the job if he desired, as they had another band and could get along without him. The defendant cannot change its position upon appeal. Bevins & Rogers, App. Term Pr. 80; City of New York v. Union Ry. Co., 31 Misc. Rep. 451, 64 N. Y. Supp. 483.

The claim of the appellant that it was error not to allow its proposed amendment to its answer permitting it to set up a counterclaim for money had and received by the plaintiff, being the same $25 claimed by the defendant to have been paid to the plaintiff on account of the $40 agreed compensation, is untenable. The application of the $25 paid

by the defendant was determined by the testimony given, and if such proposed amendment had been allowed it would not have altered the situation.

Payment into court of a less sum than the amount found due does not prevent the recovery of a judgment for the full amount, if such judgment is greater than the amount so paid in, as the amount paid into court is to be credited upon the judgment. Dakin v. Dunning, 7 Hill, 30, 42 Am. Dec. 33.

Judgment affirmed, with costs. All concur.